# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3: 09cr179

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BREAUMOND W. RHODES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Terminate Supervised Release (#2). The court has also considered the government's Response (#3).

On September 29, 2006, defendant was sentenced to 24 months of imprisonment and five years of supervised released based on a plea of guilty as to one count of bank fraud in United States v. Rhodes, 3:06-cr-63 (E.D.Va.). After his release from incarceration, defendant's supervision was transferred from the Eastern District of Virginia to this district.

In support of his motion, defendant, through counsel, states that he has been on supervised release for 37 months (now 38) and that his supervised release is scheduled to terminate on December 30, 2012.[1] According to defendant, his supervised release officer believes he has done well while on supervised release, that she does not oppose early termination of supervised release, but that she cannot request termination as defendant still owes restitution. While defendant states that he has made payments towards his $82,993.39 restitution to Capital One, he does not reveal the outstanding balance. In response, however, the government has shown that defendant has in fact made little progress in paying down such indebtedness and that as of August 10, 2011, there remains an outstanding balance of

---

[1] No separate briefs, exhibits, or affidavits have been submitted in support of this motion. The court has, however, considered all representations made by counsel as true.

$81,793.39.

In addition, defendant states that he has maintained employment for 18 months, paid child support, and does not have a substance or alcohol abuse problem and has never tested positive for drugs while on supervised release. While the court congratulates defendant on his compliance with the terms of supervised release, simply complying with supervised release is not a sufficient basis for early termination.

First, while Rule 32.1(c)(1), Federal Rules of Criminal Procedure, requires an evidentiary hearing before "modifying the conditions of probation or supervised release," id., consideration of early termination of supervised release does not constitute a modification of the term or a condition of supervised release. See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir.2003) (explaining that the terms of Rule 32.1(c) do "not compel the court to hold a hearing before refusing a request for modification"). The court notes no request for hearing contained in the motion.

Second, 18, United States Code, Section 3583(e), authorizes the termination of supervised release prior to its expiration. Burkey v. Marberry, 556 F.3d 142, 146 n. 3 (3d Cir.), *cert. denied*, ___ U.S. ___, 130 S.Ct. 458, 175 L.Ed.2d 307 (2009). To be eligible, defendant must have served one year of supervised release and the sentencing court must be able to find that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Third, Section 3583(e)(1) requires the court to consider the factors set forth in Section 3553(a), which are:

(1) the nature and circumstances of the offense and the defendant's history and characteristics;
(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other

    correctional treatment in the most effective manner;
(3) the kinds of sentence and sentencing range established for the defendant's crimes;
(4) pertinent policy statements issued by the United States Sentencing Commission;
(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7).

  Fourth, the court's discretion to monitor a defendant's supervised release is broad. Gall v. United States, 552 U.S. 38, 51-52 (2007). However, early termination should only occur under Section 3583(e) when the court is satisfied that something exceptional or extraordinary warrants such relief. United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997). This is so because

> [m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

United States v. McKay, 352 F.Supp.2d 359, 361 (E.D.N.Y.2005); accord United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) (noting that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.") Defendant has not pointed the court to anything exceptional or extraordinary in his compliance with the terms of supervised release. Further, the budgetary problems faced by the government are not an exceptional reason to allow such relief.

  While the court has considered all elements under Section 3553(a), of particular concern in this case are factors (1) and (6). Although this court was not the sentencing court, it is readily discernable from the detailed indictment that defendant was placed in a position of trust by his employer, given access to its customers' most sensitive financial information,

and then abused that trust by committing the very fraud he was hired to prevent, stealing in excess of $80,000.00 by misusing customer information as well as access codes of his fellow "Fraud Detection Representatives." Indeed, review of the docket entries made in the Eastern District of Virginia reveals that the sentencing court overruled defendant's objection to a two-level enhancement for abuse of trust.[2] (Hudson, J.)

Review of the judgment reveals that the sentencing court took into account defendant's abuse of trust in structuring a lengthy period of supervised release. Clearly, the supervised release imposed was intended to prevent defendant from returning to employment in the financial industry for five years. If this court were to terminate supervision early, this aspect of the judgment would be left unfulfilled and nothing, other than screening by a diligent employer, would prevent defendant from returning to the financial industry.

The second concern the court has is with defendant making restitution to the victim, Capitol One. While federal courts are no longer concerned with possible discharge of the restitution obligation in bankruptcy, see 11 U.S.C. § 1328(a)(excepting restitution and criminal fines from discharge in Chapter 13 cases), the court is concerned that restitution continues to be made to the victim. In <u>United States v. Pregent</u>, 190 F.3d 279 (4th Cir.1999), the Court of Appeals for the Fourth Circuit held that for a sentencing court to properly exercise its discretion, early termination of supervised release must be "warranted both by the individual's conduct and also by the interest of justice." <u>Id.</u>, at 284. Clearly, making sure that restitution is paid is in the interest of justice.

Close review of the Supervised Release Order fashioned by the sentencing court reveals that it was intended that defendant make substantial monthly payments towards

---

[2] Unlike the practice in this district, the Presentence Report was not available for court review under intra-district CM/ECF. See https://ecf.vaed.uscourts.gov/cgi-bin/DktRpt.pl?954103579023204-L_452_0-1.

restitution (30% of monthly income). While defendant states that he would continue to pay restitution regardless of early termination, the government has shown that he has failed to make any payment since September 2010. The court simply has no basis to believe that defendant would in fact voluntarily make payments when it appears that he has failed to make payments even while under supervised release.

Thus, the court concludes that the sentencing court carefully fashioned a period of supervised release that would protect the public from defendant's immediate return to the financial industry and would provide his victim with compensation. It clearly remains in the interest of justice that restitution be made and that defendant be forestalled from returning to the financial industry. Having considered the Section 3553(a) factors, the conduct of the defendant, and the interests of justice, the Motion for Early Termination of Supervised Release will be denied. Such denial will be without prejudice to defendant filing a subsequent motion showing exceptional or extraordinary conduct justifying such relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Terminate Supervised Release (#2) is **DENIED** without prejudice.

Signed: August 11, 2011

Max O. Cogburn Jr.
United States District Judge